UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CRAIG DAVALOS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 2:06-cv-427 |
| | ) |
| PORTER COUNTY, INDIANA; JOHN A. EVANS, Porter County Commissioner; ROBERT P. HARPER, Porter County Commissioner; CAROLE KNOBLOCK, Porter County Commissioner; DAVID REYNOLDS, Porter County Sheriff; Three Unknown Porter County Sheriff Deputies; NANCYLEE RICHMOND-JEFFERS; Two Unknown Accomplices; and Others Unknown to the Plaintiff at This Time, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

**A. Background**

In September 2003, *pro se* Plaintiff, Craig Davalos, filed for a divorce with his then-wife, Nancylee Richmond-Jeffers. The marital dissolution proceedings had not been completed when this action began, in December 2006; and therefore the ownership of their marital property has not yet been determined.

In December 2004, Nancylee gained entry to a warehouse in Lake Station, Indiana, and took some of that marital property. As a result, Davalos filed a lawsuit in Porter County against Nancylee and attempted to make a criminal complaint to Lake Station Police. The lawsuit was dismissed on grounds that the issues would be more appropriately raised in the dissolution

1

proceedings. Lake Station Police refused to file his complaint for the same reason: the ownership of the marital property was uncertain.

But Davalos thinks there is another reason. He believes Porter County is covering up Nancylee's criminal activities. He claims that through this cover-up Porter County and other various Defendants violated his constitutional rights. (Compl. ¶ 1). Accordingly, Davalos sued Porter County, Indiana; Porter County Commissioners John A. Evans, Carole Knoblock, and Robert P. Harper; Porter County Sheriff, David Reynolds; and three unknown Porter County Sheriff Deputies. He sued them under 42 U.S.C. § 1983, claiming that they: denied him equal protection of the laws by refusing to file an incident report against Nancylee in the alleged warehouse burglary; denied him meaningful access to the courts by (a) dismissing his lawsuit against Nancylee for the warehouse burglary, (b) tying up his marital assets in the dissolution proceedings, preventing him from hiring effective counsel, and (c) denying him access to a law library when he was in Porter County Jail; "Fail[ed] to Return [his] Firearms (At Least to a Family Member)."[1] Davalos also sued Nancylee and her "Two Unknown Accomplices" for criminal conversion and fraud in the alleged warehouse burglary.

Last, Davalos asked the Court to convene a Federal Grand Jury to investigate the criminal activities detailed in his Complaint.

During the discovery phase, Davalos moved the Court to order the return of his firearms. (DE 30). The Court denied the motion under the federal abstention doctrine because the divorce case was still pending. (DE 41; Def.'s Ex. L).

Porter County Defendants moved for Summary Judgment on the counts against them. In accordance with the Seventh Circuit's *pro se* notice requirements, Defendants informed Plaintiff

---

[1] In a provisional order for the divorce case, an Indiana state court directed the Porter County Sheriff to hold Davalos's firearms until further notice.

of what he must do to overcome their Motion for Summary Judgment. *Kincaid v. Vail*, 969 F.2d 594, 599 (7th Cir. 1992); (*See* Notice, Def.'s Ex. C). Plaintiff responded. Defendants replied.

The issues are:

(1) whether Porter County Defendants denied Davalos equal protection of the laws because Lake Station Police refused to file an incident report against Nancylee in the alleged warehouse burglary;

(2) whether the Porter County Sheriff maintained a "no cross-complaint" policy[2] that prevented Davalos from filing an incident report against Nancylee and thus denied Davalos equal protection of the laws;

(3) whether Porter County Defendants denied Davalos meaningful access to the courts when:

    a) a Porter County court dismissed his lawsuit against Nancylee;

    b) Porter County Jail personnel denied Davalos access to a law library;

    c) dissolution proceedings in a Porter County court have frozen all his assets and allegedly prevented him from hiring effective counsel;

(4) whether Porter County Defendants illegally failed to return Davalos's firearms;

(5) whether the Court should grant Plaintiff's request to convene a Federal Grand Jury.

**B. Summary Judgment Standard**

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

---

[2] A "no cross-complaint" policy is a blanket policy that favors the first complainant over the second in a dispute where the two are adverse parties.

3

moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "In other words, the record must reveal that no reasonable jury could find for the nonmoving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotation marks omitted). Rule 56(c) further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A party seeking summary judgment bears the initial responsibility of informing a court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The moving party may discharge its "initial responsibility" by simply " 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the non-moving party's case." *Id.* at 325. When the non-moving party would have the burden of proof at trial, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim. *Id.* at 323, 325; *Green v. Whiteco Indus., Inc.*, 17 F.3d 199, 201 n.3 (7th Cir. 1994); *Fitzpatrick v. Catholic Bishop of Chi.*, 916 F.2d 1254, 1256 (7th Cir. 1990). However, the moving party may, if it chooses, support its motion for summary judgment with affidavits or other materials and thereby shift to the non-moving party the burden of showing that an issue of material fact exists. *Kaszuk v. Bakery & Confectionery Union & Indus. Int'l Pension Fund*, 791 F.2d 548, 558 (7th Cir. 1986); *Bowers v. DeVito*, 686 F.2d 616, 617 (7th Cir. 1982); *Faulkner v. Baldwin Piano & Organ Co.*, 561 F.2d 677, 683 (7th Cir. 1977). "Whether a fact is material depends on the substantive law underlying a particular claim and "only disputes over

facts that might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.'" *Walter v. Fiorenzo,* 840 F.2d 427, 434 (7th Cir. 1988), quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

Once a properly supported motion for summary judgment is made, the non-moving party cannot resist the motion and withstand summary judgment by merely resting on its pleadings. Fed. R. Civ. P. 56(e); *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994). Federal Rule of Civil Procedure 56(e) establishes that "the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts to establish that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also Anderson v. Liberty Lobby*, 477 U.S. 242, 248–50 (1986). Thus, to demonstrate a genuine issue of fact, the non-moving party must do more than raise some metaphysical doubt as to the material facts; the non-moving party must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Juarez v. Ameritech Mobile Comm., Inc.*, 957 F.2d 317, 322 (7th Cir. 1992). Conclusory allegations and self-serving affidavits, if not supported by the record, will not preclude summary judgment. *Haywood v. N. Am. Van Lines, Inc.*, 121 F.3d 1066, 1071 (7th Cir. 1997).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences and resolve all doubts in favor of that party. *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995); *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994); *Beraha v. Baxter Health Care Corp.*, 956 F.2d 1436, 1440 (7th Cir. 1992). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the

matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson*, 477 U.S. at 249–50; *Doe*, 42 F.3d at 443.

**C. Material Facts[3]**

Viewed in the light most favorable to the Plaintiff, the material facts are as follows:

Craig Davalos was imprisoned in Porter County Jail on three different occasions: January 2004, July 2004, and December 2004–February 2005. (Compl. ¶¶ 35, 51, 74). During these times, he would not comply with jail personnel and was therefore held in a maximum-security pod where he did not have access to a law library. (Compl. ¶¶ 37, 52, 93; Pl.'s Ans. Defs.' Interrog. No. 3). In January 2005, Davalos had private counsel, attorney Mark Bates, who filed an appeal for Davalos. (Compl. ¶ 70).

In December 2004, Nancylee and two of her friends broke into a warehouse in Lake Station, Indiana, and took some of her and Davalos's marital property. (Compl. ¶¶ 57, 58). Lake Station is in Lake County, not Porter County. Davalos was not the leaseholder of the warehouse unit that Nancylee broke into. (Compl. ¶ 68). Davalos complained to the Lake Station Police, but they would not file an incident report because the marital property was subject to dissolution proceedings in Indiana state court and ownership of the property was uncertain. (*Id.* at ¶ 62).

In June 2005, a Porter County judge issued a Provisional Order in Davalos's divorce case, ordering the Porter County Sheriff to continue to hold Davalos's firearms until further notice. (Provisional Order, 6/23/05, Def.'s Ex. K). No further notice has been given. (Davalos Dep. 14:15–15:18). The Sheriff has not returned Davalos's firearms.

---

[3] Porter County Defendants attached Plaintiff's Complaint to their Motion for Summary Judgment and cited it liberally in the brief. Plaintiff did not contend these facts in his Response.

6

In October 2005, Davalos, through private counsel, attorney Mark Bates, filed a ten-count lawsuit against Nancylee for the alleged burglary of the warehouse in December 2004. (Compl. ¶ 97). A Porter County court dismissed the case in February 2006, stating that the issues would be more appropriately raised in Davalos's pending dissolution proceedings. (Order Def.'s Mot. Dismiss, Def.'s Ex. I). Davalos claims that the court "refused to rule" on his suit. (Compl. ¶ 123). Davalos did not appeal the dismissal. (Pl.'s Resp. Defs.' Req. Admit No. 17).

The dissolution proceedings were still pending at the time Davalos filed the Complaint in this case. Because of this Davalos has not received any of his marital assets back. (Pl.'s Ans. Defs.' Interrog. No. 3). He claims this has prevented him from hiring effective counsel. (*Id.*).

**D. Section 1983 Standard**

Section 1983 is not a source of substantive rights. Instead, it provides "a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *City of Monterrey v. Del Monte Dunes at Monterrey, Ltd.*, 526 U.S. 687, 749 n.9 (1999). To prevail on a claim under § 1983, a plaintiff must show that "(1) the defendant deprived the plaintiff of a right secured by the Constitution and laws of the United States, and (2) the defendant acted under color of state law." *J.H. Exrel. Higgin v. Johnson*, 346 F.3d 788, 791 (7th Cir. 2003), citing *Reed v. City of Chi.*, 77 F.3d 1049, 1051 (7th Cir. 1996). A Plaintiff must show that the defendant was personally involved in depriving him of his constitutional rights. *See Walker v. Taylorville Corr. Ctr.*, 129 F.3d 410, 413 (7th Cir.1997).

**E. Discussion**

**(1) Violation of Equal Protection of the Laws**

(a) *Davalos's Incident Report Against Nancylee*

Davalos claims that Porter County Defendants violated his right to equal protection of the laws when the Lake Station Police denied his attempt to file a complaint against Nancylee. In order to prevail on a § 1983 claim, a plaintiff must show that the defendant was personally involved in the deprivation of his rights. *See Walker*, 129 F.3d at 413. Plaintiff alleged that Lake Station Police, not of Porter County Defendants, were personally involved. The Court finds that this issue must be resolved in favor of the Defendants as a matter of law.

(b) *"No Cross-Complaint" Policy*

Although he provided no factual support for this claim, Plaintiff maintains that the Porter County Sheriff maintained a "no cross-complaint" policy that prevented him from filing an incident report against Nancylee and thus violated his right to equal protection of the laws. A "no cross-complaint" policy is a blanket policy to favor the initial complainant over a subsequent complainant in an incident where the two are adverse parties. Such a policy violates the Equal Protection Clause of the Fourteenth Amendment. *See Myers v. County of Orange*, 157 F. 3d 66 (2nd Cir. 1998).

Defendants submitted the affidavit of current Porter County Sheriff, David Lain, which stated that the Sheriff's office did not have a no "no cross-complaint" policy at the times in question. (Lain Aff. ¶ 4). In response to Lain's affidavit, Plaintiff argues that a "no cross-complaint" policy might exist even though it was not written or official. (Pl.'s Resp. Def.'s Mot. Summ. J. at 6). Plaintiff made no other response to the Defendants' evidence on this issue.

A metaphysical doubt does not overcome the non-movant's burden on a Motion for Summary Judgment. *See Matsushita*, 475 U.S. at 586. Plaintiff must set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e). Plaintiff has not done this. The Court finds that this issue must be resolved in favor of the Defendants as a matter of law.

**(2) Meaningful Access to the Courts**

(a) *Lawsuit Against Nancylee*

Plaintiff argues that Porter County Defendants denied him meaningful access to the courts when a Porter County court dismissed his lawsuit against Nancylee in February 2006. Plaintiff claims that Indiana state courts have "refused to rule" on this case. (Compl. ¶ 123). Judge William Alexa dismissed the suit because the issues would be more appropriately raised in Davalos and Nancylee's pending dissolution proceedings. (Defs.' Ex. I). Plaintiff did not list Judge Alexa as a Defendant in this case, but stated in deposition that this claim was against the Porter County courts. (Davalos Dep. 13:8–14:4).

The Court does not know which Defendant Plaintiff is implicating on this claim. He stated that the claim was against Porter County courts, but has not named any particular court personnel who was personally responsible for this violations. If he is implicating Judge Alexa, his claim fails because judges acting in official capacity enjoy absolute immunity from § 1983 suits. *John v. Barron*, 897 F.2d 1387, 1391–92 (7th Cir. 1990). Furthermore, Plaintiff's appropriate remedy for this action would have been to appeal, which he failed to do. The Court must resolve this issue in favor Defendants as a matter of law.

9

(b) *Access to a Law Library*

Plaintiff argues that he was denied meaningful access to the courts when he was denied access to a law library in Porter County jail. Specifically, Plaintiff asserts that he was denied access to the law library when he was held in maximum-security. By Plaintiff's own facts, he was held in maximum-security on three occasions: January 2004, July 2004, and December 2004–February 2005.

The claims arising from Davalos's imprisonment in January and July of 2004 are time-barred. For purposes of statutes of limitation, claims under 42 U.S.C. § 1983 are characterized as personal injury suits and are governed by the personal injury statute of limitations in the state where the alleged violation occurred. *Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir. 1992), citing *Wilson v. Garcia*, 471 U.S. 261, 279 (1985). In Indiana, a personal injury suit must be commenced within two years of the time the cause accrued. I.C. 34-11-2-4 (1). Plaintiff filed his Complaint December 21, 2006. Therefore, all § 1983 claims occurring before December 21, 2004 are time-barred. Thus, the only remaining access to a law library claim arises from Davalos's imprisonment from December 2004–February 2005. The Court will now address that claim.

Jail personnel must provide inmates with meaningful access to the courts. *Martin v. Tyson*, 845 F.2d 1451, 1456 (7th Cir. 1988). To succeed on a claim of denial of meaningful access to the courts, a claimant must show some prejudice that he suffered in bringing or prosecuting a lawsuit. *Bruscino v. Carlson*, 854 F.2d 162, 167 (7th Cir. 1988). An inmate will fail on such a claim if jail personnel have denied the inmate access to a law library but not access to counsel. *Martin*, 845 F.2d at 1456.

Plaintiff has not asserted that he was denied access to counsel when he was in Porter County Jail between December 2004 and February 2005. In fact, the Record shows that he had private counsel, Mark Bates, during this time. The Court finds no genuine issue of fact on this claim and finds that this claim must be resolved in favor of the Defendants as a matter of law.

(c) *Frozen Assets*

Plaintiff claims that he has been denied meaningful access to the courts because his dissolution proceedings in Porter County court have frozen his assets, which he claims prevented him from hiring effective counsel.

The Plaintiff is complaining about official judicial action in this claim. Judges acting in official capacity enjoy absolute immunity from § 1983 suits. *John v. Barron*, 897 F.2d 1387, 1391–92 (7th Cir. 1990). Furthermore, the Court will not get involved in pending state proceedings. *See Allen v. Allen*, 48 F.3d 259, 261 (7th Cir. 1995).

In all incidents where Plaintiff alleged Defendants denied him meaningful access to the courts, Plaintiff has presented no specific facts that create a genuine issue for trial. Summary Judgment is granted to Defendants on the issue of denial of meaningful access to the courts.

**(3) Failure to Return Firearms (At Least To A Family Member)**

As the Court noted once already (DE 41), Indiana state courts are handling the issue of Plaintiff's firearms. The Court does not intend to infringe upon pending state court proceedings. *See Allen v. Allen*, 48 F.3d 259, 261 (7th Cir. 1995); *see also Younger v. Harris*, 401 U.S. 37 (1971).

**(4) Plaintiff's Prayer for Federal Grand Jury**

Plaintiff has requested that the Court convene a Federal Grand Jury to investigate the criminal acts contained in his complaint. The Court has no power to grant Plaintiff's request.

**F. Conclusion.**

The Court grants Porter County Defendants' Motion for Summary Judgment on all counts. (DE 63).

SO ORDERED on July 24, 2009

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE
